In the Matter of HARRY SCHNEIDERMAN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, April 25, 1966.

*Michael M. Kirsch* for petitioner.

*Harry Schneiderman,* respondent in person.

*Per Curiam.* The petition of the Brooklyn Bar Association charged respondent with professional misconduct, fraud, deceit and conduct prejudicial to the administration of justice, contrary to the standard of conduct expected of attorneys and demonstrating a lack of the character and fitness which an attorney is required to maintain. The respondent's answer pleaded a general denial. This court appointed a Referee to hear and report. The Referee has taken the proofs and filed his report; and the petitioner has moved to confirm the report.

This court confirms the findings indicated in the Referee's report and restates them as follows: The respondent, in connection with a certain transaction, (1) concealed from the Ford Motor Company the interest of one Ealey in the transaction; (2) participated in the alteration of a document or documents intended for filing with the Motor Vehicle Department in connection with the transfer of ownership of a certain motor vehicle; (3) altered the date contained in the jurat of an affidavit purportedly signed by his wife, and by himself as a notary public, which affidavit was likewise to be filed with the Motor Vehicle Department; (4) testified untruthfully before the Referee with respect to certain incidents which occurred in the transaction; (5) delivered an instrument under the pretense that it was a current check in the amount of $1,190, while obscuring from the payee the notation of "P. D." on the instrument as an indication that it was intended to be a post-dated promissory note and, therefore, not a check within the meaning of section 1292-a of the Penal Law; and (6) has failed to pay the instrument in question, although he or his wife has retained purported ownership and possession of the motor vehicle for which the instrument was intended as a payment.

In our opinion, the foregoing infractions clearly indicate that the respondent was guilty of serious professional misconduct which may not be condoned. However, in view of his long tenure at the Bar, without previously reported misconduct, and in view of extenuating circumstances surrounding the transaction in question, we have concluded that respondent's suspension from the practice of the law for a period of two years is an adequate sanction.

356

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

In a proceeding to discipline the respondent, an attorney, for professional misconduct, respondent is suspended from the practice of the law for a period of two years, effective June 1, 1966.